IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CLIFFORD BIRD,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>WARDEN TOM GREEN, DAWSON COUNTY DISTRICT COURT, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　Respondents. | Cause No. CV 25-136-BLG-DWM<br><br><br><br>ORDER |

Petitioner Clifford Bird filed a letter indicating he was not receiving effective assistance of counsel and was being denied medical care in conjunction with his ongoing state criminal proceedings in Dawson County. (Doc. 1.) The filing was construed as a request for habeas relief, and he was directed to file an amended petition. (Doc. 2.) Bird was advised of the relevant pleading standards and was informed that he would need to pay the filing fee or submit a motion to proceed in forma pauperis. (*Id.*)

1

Bird now seeks leave to proceed in forma pauperis, but he did not provide a copy of his inmate account statement. (Doc. 5.) Being no reason to delay this matter, however, the motion will be granted.

Following guilty pleas to Distribution of Dangerous Drugs and Criminal Possession of Dangerous Drugs, Bird received a net sentence of 10 years to the Montana Department of Corrections, with 5 of the years suspended. (Doc. 4 at 3.) Written judgment was entered on November 25, 2025. (*Id.* at 2.) Bird has not filed a direct appeal or sought any form of collateral relief in the state courts. (*Id.* at 3-4.)

In the instant matter, Bird claims that his attorney "did not do anything in his case" and that the Dawson County Nursing Staff has "continuously denied his request for help" thereby providing improper medical attention. (*Id.* at 4.)

Bird was previously advised that a challenge to his medical care was not cognizable in federal habeas. *See*, (Doc. 2 at 2.) "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody."

2

*Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001). Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas. To the extent that Bird seeks to challenge a purported denial of medical care, he may not do so under 28 U.S.C. §2254. He should seek relief, if at all, by filing a federal civil rights action.

Further, a federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th

3

Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Bird attempts to advance. Bird must present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845.

Because Bird has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Bird to return to this Court if and when he fully exhausts the claims relative to his state judgment of conviction. If the Court were to rule on Bird's petition as it now stands, he would be precluded from returning to this Court in the future.

//

4

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bird has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

5

## ORDER

1. Bird's Amended Petition (Doc. 4) is DISMISSED without prejudice as unexhausted.

2. Bird's motion for leave to proceed in forma pauperis (Doc. 5) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 31st day of December, 2025.

_____
Donald W. Molloy, District Judge
United States District Court